**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 22-761** (Upshur County 21-M-AP-1)

**Ronald Edwin Lee,**
**Defendant Below, Petitioner**


**MEMORANDUM DECISION**


Petitioner Ronald Edwin Lee appeals the order of the Circuit Court of Upshur County, entered on July 14, 2022, finding Mr. Lee guilty of first offense driving under the influence, with a blood alcohol content exceeding 0.15% (W. Va. Code § 17C-5-2(f)), after the circuit court conducted a de novo bench trial on appeal from magistrate court.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Lee presents his appeal in minimalist fashion. His statement to this Court is comprised of three substantive sentences in which he asserts that his arrest was "based upon a false statement" and in violation of the Fourth Amendment to the United States Constitution. Mr. Lee's statements are insufficient to allow us to discern the details of his grievance. Furthermore, Mr. Lee filed no supporting appendix record and we, consequently, are unable to conduct even the most cursory independent evidentiary review.

We have advised that

[c]ases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not. This "reasonable accommodation" is purposed upon protecting the meaningful exercise of a litigant's constitutional right of access to the courts. Therefore, ultimately, the *pro se* litigant must bear the responsibility and accept the consequences of any mistakes and errors.

*Blair v. Maynard*, 174 W. Va. 247, 253, 324 S.E.2d 391, 396 (1984) (emphasis added). In this case, the self-represented petitioner has failed to meet the minimum standard for presentation of

---

[1] Mr. Lee is a self-represented litigant. The State of West Virginia appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper. According to the circuit court's order, Mr. Lee has discharged his sentence: a fifteen-day period of home incarceration.

his appeal, explained to its essence in Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure:

> The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Mr. Lee, as the petitioner, bears the responsibility for the absence of these components, which are essential for appellate review. The only discernible information before us is the circuit court's final order, provided both as an attachment to the notice of appeal and in respondent's supplemental appendix, finding that Mr. Lee was detained by an officer who "had an articulable reasonable suspicion to conduct an investigatory traffic stop," because Mr. Lee's vehicle registration appeared to be expired and the officer did not know that Mr. Lee had recently renewed that registration. Presented with no evidence to the contrary, we accept the circuit court's finding. Consequently, we perceive no reason to disturb the circuit court's order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 20, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn